FILED
MAR 10 2005
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR04-50108 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | |
| ELROY CROSS, | ) | |
| | ) | |
| Defendant. | ) | |

Elroy Cross, by and through his court appointed counsel, Assistant Federal Public Defender Gary G. Colbath, Jr., filed a motion to suppress evidence, together with the appropriate brief memorandum. The government filed their response, and a suppression hearing was held on March 3, 2005.

## FACTS

The court has found the following facts:

Prairie Rose Reddest, a tribal police officer for the Oglala Sioux Tribal Police Department, was on patrol during the early morning hours of April 29, 2004. She was a graduate of the law enforcement academy, and held a federal commission card when she worked for Rosebud and Crow Creek. On April 1, 2004, she went to work for Pine Ridge, and the Pine Ridge Police Department did not apply for a new certification card. There was testimony that if you are out of law enforcement for three years, it is necessary to reapply for certification. She apparently was not a law enforcement officer from the time she quit at Crow Creek in August, 2001, until she went to work for Pine Ridge in April, 2004, a period just short of three years.

While on patrol in the early morning hours of April 29, 2004, she came upon an automobile parked just before a hill in the middle of the road with its lights on. She stopped, and observed a male occupant sleeping or passed out in the driver's seat. The driver's door was locked so she opened the back seat door on the driver's side, and immediately smelled a strong odor of alcohol and marijuana. She went to the passenger's side door, which was unlocked, to put the car in park as it was in drive. She turned off the car, and attempted to arouse the driver. He was difficult to arouse, and she had to use a chest maneuver to arouse him. He appeared to be under the influence of alcohol or drugs. As she exited the passenger's side of the vehicle, she noticed two marijuana cigarettes in the center console in plain view. Officer Reddest knew it was in violation of the Oglala Sioux Tribal Code to be publicly intoxicated, be driving while under the influence of alcohol, possess marijuana, or possess alcohol. It was very cold that night, and she was aware that the defendant was dressed in shorts and a tank top. The defendant was arrested for the tribal offenses. Officer Reddest called her supervisor who appeared on the scene, did a dog sniff of the car, and the dog alerted to the presence of drugs.

After the defendant was arrested, and placed in the back of the patrol car, he was crying, and saying he wanted to kill himself. When they arrived at the correctional facility, Officer Reddest told the officers of the suicide thought, and they put him in a security cell. He was not interviewed by Officer Reddest.

Lynnette Goggles, a drug investigator for the Oglala Sioux Tribe's Department of Public Safety, interviewed the defendant later on that day. He was in custody in the security cell at the Pine Ridge Jail. When she arrived, she asked the officer to take Mr. Cross to the interview room, which they did, and she and the defendant were alone in the room. This was approximately ten

hours after he was arrested. She told him who she was, that she was a drug investigator for the tribe. She also said that they would talk about the drugs, and gave the defendant a written form for the Advice of Rights. The defendant read the form himself, and said he understood it. Officer Goggles went through each paragraph with the defendant, asked him if he understood it, he initialed it, signed it, and then agreed to talk to the officer. The Advice of Rights form is Exhibit 1. The officer testified the defendant did not appear to be drunk or under the influence, but he did say he was hung over. He did not say that he was suicidal or upset, and she did not observe any of this behavior. He talked to her, understood her questions, and answered her questions. He did not become upset or ask to see a counselor or anything of that nature.

## DECISION

The defense alleges that the defendant's arrest was unlawful because Officer Reddest was not a certified law enforcement officer at that time. The defense further alleges that defendant's statements to Officer Goggles were involuntary, and in violation of his Fifth Amendment rights. Finally, the defense alleges that statements made by Cross to Officers Reddest and Goggles are not relevant to any material element, and therefore, not admissible. This issue involving relevancy of testimony, of course, would be reserved for the trial judge, and I express no opinion at this time.

The government response is that the officer, whether certified or not, had probable cause to make the arrest, and that the statements made to Officer Goggles were voluntary. The government further alleges that even if the arrest of the defendant was improper, it does not affect the validity of the search conducted on the vehicle. The search was not made instant to arrest, but based upon the observations made by the officer, and upon the dog alerting to the

3

vehicle. Because the vehicle was in a dangerous position on the highway at night, Officer Reddest was clearly in the rightful position, and could view in plain view the marijuana cigarettes.

From the evidence produced at the hearing, it appears as if Officer Reddest was a certified law enforcement officer, and the three years for re-certification had not run out. Further, from the facts presented at the suppression hearing, it is evident that there was probable cause to search the vehicle with the plain view sighting of the two marijuana cigarettes, the strong smell of marijuana and alcohol in the vehicle, and the dog sniff which alerted on the vehicle. All of this would make the search of the vehicle based upon probable cause and lawful.

Defendant's second issue is that the statements defendant gave to Officer Goggles were involuntary. There is no question that Officer Goggles interviewed the defendant in custody. However, the defendant did execute an Advice of Rights form after indicating he understood those rights. He did state he was hung over, but there was no indication that he was under the influence of alcohol or drugs, and that he appeared to answer the questions, and understand them, and respond appropriately. He did not appear to be upset, angry, or suicidal. Whether there has been a valid waiver of Miranda must be judged according to the totality of circumstances. Moran v. Burbine, 475 U.S. 412, 421 (1986). Even if the defendant was under the influence, it does not render a waiver invalid. See United States v. Korn, 138 F.3d 1239 (8th Cir. 1998). Looking at the totality of circumstances, it is my finding and recommendation that the motion to suppress defendant's statements be denied. It is also my finding and recommendation that the motion to suppress the search be denied.

4

Dated this 10th day of March, 2005.

BY THE COURT:

_____
MARSHALL P. YOUNG
UNITED STATES MAGISTRATE JUDGE

## NOTICE

The parties have ten (10) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

[Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)]
[Nash v. Black, 781 F.2d 665 (8th Cir. 1986)]