UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 04-50108-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | MOTION TO SUPPRESS |
| ELROY CROSS, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Elroy Cross, is charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C) and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).

Cross moves to suppress evidence seized after he was arrested for suspicion of drunk driving, public intoxication, and possession of marijuana. The government opposes the motion. Following a suppression hearing, Magistrate Judge Marshall Young recommended that the motion be denied. Cross objects to the magistrate judge's findings and recommendation. Cross's motion to suppress evidence is denied.

**STATEMENT OF FACTS**

On April 1, 2004, Prairie Rose Reddest was hired as a police officer by the Oglala Sioux Tribal (OST) Police Department. Officer Reddest was a graduate of the police academy and possessed a federal commission certification card. Officer Reddest obtained the card when she was a tribal police officer in Rosebud

and Crow Creek.  She had not worked in law enforcement since she left her

position at Crow Creek in August of 2001.  OST Police Department did not

obtain a federal commission certification card for Officer Reddest when it hired

her.  At the suppression hearing, there was testimony that if an officer is out of

law enforcement for three years, the officer must reapply for certification.

Because it had been less than three years since Officer Reddest worked as a

police officer, the government contends that Officer Reddest's federal certification

was still valid in April of 2004.

Officer Reddest was on patrol at approximately 4:30 a.m. on April 29,

2004, when she found a car parked in the middle of the road just before a hill.

Its lights were on and the engine was running.  She observed Cross sleeping in

the driver's seat.  The driver's door was locked, so Officer Reddest opened the

back door on the driver's side.  She smelled a strong odor of alcohol and

marijuana.  She went to the passenger side of the car and entered through the

front door, so she could wake up the driver and shut the engine off.

Cross appeared to be under the influence of alcohol or drugs and was

difficult to awaken.  While she was in the car, Officer Reddest observed two

marijuana cigarettes and three bottles of hard lemonade.  She arrested Cross for

possession of marijuana and alcohol, driving under the influence of alcohol, and

public intoxication, which are all tribal offenses.  Officer Reddest called her

supervisor, Officer Keith Grube, who came to the scene with a drug sniffing dog.

The dog alerted to the presence of drugs.  Officer Grube found 13 ounces of

marijuana in a black bag on the back seat of the car, and found a scale, cash, and small plastic bags in the car.

## STANDARD OF REVIEW

The court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also United States v. Lothridge, 324 F.3d 599 (8th Cir. 2003); Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995). 28 U.S.C. § 636(b)(1) requires that when a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b).  After a careful de novo review of the magistrate judge's findings and recommendation and a review of the record, the court denies Cross's motion to suppress.

## DISCUSSION

The Fourth Amendment to the Constitution protects the rights of people to be secure in [their] persons, houses, papers, and effects, against unreasonable searches and seizures.  United States v. Raines, 243 F.3d 419, 421 (8th Cir. 2001).  Cross contends that the warrantless search and seizure of evidence from the car he was driving violated the Fourth Amendment.

Cross argues that Officer Reddest was not a law enforcement officer, because the Oglala Sioux Tribal Police Department did not obtain a new federal certification card when it hired her.  Magistrate Judge Young found that from

3

"the evidence produced at the hearing, it <u>appears</u> as if Officer Reddest was a certified law enforcement officer, and the three years for re-certification had not run out." (Docket 43) (emphasis added).  The magistrate judge then found that the marijuana in plain view, the odor of marijuana and alcohol, and the dog sniff alert gave the officers probable cause to search the car and seize evidence without a warrant.

Cross argues that the finding that Officer Reddest "appears" to be a certified law enforcement officer fails to satisfy the government's burden of proof on the issue.  Cross contends that the government must prove that she was in fact a certified law enforcement officer, not that she merely appeared to be a certified law enforcement officer.  Because the government did not prove that Officer Reddest was a certified law enforcement officer, Cross contends that the plain view exception to the warrant requirement does not apply and therefore, all of the evidence seized as a result of Officer Reddest seeing the marijuana in plain view must be suppressed.

The government bears the burden of demonstrating that an exception to the warrant requirement applies to the case.  <u>United States v. James</u>, 353 F.3d 606, 613 (8th Cir. 2003).  A preponderance of the evidence standard applies to motions to suppress evidence in which the government bears the burden of proof.  <u>United States v. Robertson</u>, 19 F.3d 1318, 1321 (10th Cir. 1994) (citing <u>United States v. Matlock</u>, 415 U.S. 164, 177-78 n.14, 94 S. Ct. 988, 996-97, n.14, 39 L. Ed. 2d 242 (1974)).  At the suppression hearing, Officer Reddest

testified that she quit working as a law enforcement officer at Crow Creek in August 2001, when her mother had a stroke. (Tr. 22). Officer Reddest returned to law enforcement in April, 2004. Id. This is less than three years. Only officers who have been out of law enforcement for three years must be recertified. Id. at 19. The court finds Officer Reddest's testimony credible and finds that the government has proven by a preponderance of the evidence that Officer Reddest was a certified law enforcement officer on April 24, 2004. Because she was a certified law enforcement officer when she observed the incriminating items in Cross's car, the court finds that the government has proven by a preponderance of the evidence that the plain view exception applies to this case.

The plain view doctrine permits officers to seize evidence without a warrant when "(1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself." United States v. Weinbender, 109 F.3d 1327, 1330 (8th Cir. 1997). In this case, Officer Reddest was on patrol when she came upon a car parked in the middle of a public road at 4:30 a.m. Because the driver was either passed out or sleeping, and very difficult to awaken, Officer Reddest had to enter the car to wake him up. She has a duty as a police officer to investigate suspicious activity and keep the roads safe. When police reasonably believe that a person inside a car is in need of immediate aid,

5

warrantless entry may be justified.  See United States v. Collins, 321 F.3d 691, 694 (8th Cir. 2003).  The court finds that Officer Reddest did not violate the Fourth Amendment in entering the car, where she spotted the marijuana inside.

The "immediately apparent" requirement means that the officer must have probable cause to associate the items with criminal activity.  Weinbender, 109 F.3d at 1330.  When she opened the door, Officer Reddest smelled marijuana. Furthermore, law enforcement officers know what a marijuana cigarette looks like.  Accordingly, the object's criminal character was immediately apparent. Because the marijuana cigarettes were located in the car's console, the court finds that Officer Reddest had a lawful right of access to the marijuana cigarettes.

### CONCLUSION

After reviewing the evidence de novo, and considering the totality of the circumstances, the court finds that the warrantless search qualifies for the plain view exception to the Fourth Amendment.  Based on the foregoing, it is hereby

ORDERED that Cross's motion to suppress evidence is denied.

Dated May 10, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6